0967

Levin BARNES, Appellant v. JONES CHEVROLET COMPANY, INC., Respondent.

(358 S. E. (2d) 156)

Court of Appeals

608

*John E. Miles,* Sumter, *for appellant.*

*H. Edward Bell, III,* and *Rodney Jernigan,* both of *Bell, Belk & Jernigan,* Sumter, *for respondent.*

Heard March 17, 1987.

Decided May 26, 1987.

GARDNER, Judge:

Levin Barnes (Barnes) sued Jones Chevrolet Company, Inc. (Jones Chevrolet); he alleged that Jones padded auto repair bills, and causes of action include (1) breach of contract (2) fraud and deceit and (3) violation of the Unfair Trade Practices Act (U.T.P.A). The trial court directed verdicts for Jones Chevrolet on the fraud and U.T.P.A. causes of action. A jury awarded Barnes $1,000.00 on his breach of contract action. Barnes appeals.

Barnes' car was damaged in an accident; he employed Jones Chevrolet to repair it. Jones Chevrolet submitted an itemized estimate of $3,762.28 to Barnes for the repair of the car. After allegedly completing the work, Jones Chevrolet submitted an itemized bill to Barnes. Barnes paid the bill. Later Barnes discovered that parts and labor totaling $968.68, which were itemized on the estimate, were for parts not used and labor not performed; at trial it was proved that $667.28 for parts and $301.40 for labor itemized on the estimate were not applied to the repair of Barnes' car. Admittedly Barnes was not told about the padding of the bill, and admittedly Barnes paid the padded bill. There is evidence of record that the repairman and the apparent owner of Jones Chevrolet were skimming and pocketing the cost of the parts not replaced and labor not performed.

The issues of merit on appeal are whether the trial judge erred (1) by failing to grant a mistrial after he referred to certain testimony as being "sham," (2) in directing a verdict for Jones Chevrolet as to the cause of action for fraud, and

(3) in failing to admit evidence of similar acts of Jones Chevrolet, and (4) in directing a verdict for Jones Chevrolet as to the cause of action for violation of the U.T.P.A.

While Barnes' counsel was examining a witness, who had been declared a hostile witness, defense counsel objected to a seemingly irrelevant line of questioning. Upon objection, the trial judge thus admonished Barnes' counsel:

> Well, I've allowed you a lot, Mr. Miles; but I'll promise you this, my patience is getting very, very thin. The sham testimony coming out to the jury that has no bearing on what you have alleged in your complaint. (Emphasis ours.)

At that point Barnes' counsel moved for mistrial, which the trial judge denied, stating:

> I'm convinced that the jury will give you a fair and impartial trial based upon the testimony and the evidence that you will have before them, and that's it. (Emphasis ours.)

No doubt this issue is close; nevertheless, we hold that the trial judge's refusal to grant a mistrial was not error; this is because the granting or refusal of a motion for a mistrial is within the discretion of the trial judge. Moreover, Barnes did not sustain his burden of showing the alleged error was prejudicial to the extent that he was denied a fair trial. *See State v. Leonard,* 287 S. C. 462, 339 S. E. (2d) 159 (Ct. App. 1986), *rev'd on other grounds,* 355 S. E. (2d) 270 (S.C. 1987). We, however, observe that in the management and control of a trial, the trial judge should avoid intemperate language, both in what he says and how he says it; constant vigilance in avoiding the appearance of partiality, anger, and impatience is required of trial judges who should be conscious at all times that the high office of a judge of the Court of Common Pleas requires a temperament consonant with the high calling of the judiciary. A trial judge, however, is but human; absolute perfection in judicial temperament and conduct, though much desired, is a goal seldom, if ever, achieved. We accordingly reject the exception.

On appeal from an order granting a directed verdict, the Supreme Court or this Court views the evidence and all reasonable inferences deducible therefrom in a light most favorable to a party against whom a directed verdict was granted; if the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created, and this court will hold that the motion should have been denied. *Brogdon v. Lake*, 288 S. C. 16, 339 S. E. (2d) 507 (1986).

The trial judge, in directing a verdict for Jones Chevrolet on the fraud cause of action, stated: "I do not feel that the nine elements of fraud have been proven."

We disagree.

The nine elements of fraud are set forth in the case of *Schie v. Taylor*, 290 S. C. 31, 347 S. E. (2d) 910 (Ct. App. 1986).

The first consideration is whether there were representations that the parts would be included in the repair and had been included in the repair bill. The estimate was first made at Jones Chevrolet's place of business by one of Jones Chevrolet's employees. Barnes testified he looked at the estimate and decided to have the car repaired at Jones Chevrolet. Barnes testified that at the time: "They said the car'd be fixed as the estimate."

After completing work on the automobile, Jones Chevrolet sent Barnes an itemized bill on which appeared the handwritten notation "Repair as per Est." The bill was paid, and it was stipulated that Barnes paid for parts not placed on his automobile. We therefore hold there was evidence of representations.

And we also hold, without going into detail, that there is of record evidence of the remaining elements of fraud, *viz.* (1) that the representations were false, (2) that they were material since they involved about twenty-six percent of the agreed consideration of the bill, (3) that agents or officers of Jones Chevrolet knew or should have known that some of the parts and labor listed on the estimate and the bill either did not require a replacement or were not replaced, (4) that Jones Chevrolet or its agents intended that the representa-

tions be acted upon by the payment of the bill, (5) that Barnes did not know of the falsity of the representations, (6) that he relied upon the representations, (7) that he had a right to rely on the representations, and (8) that Barnes suffered a loss since he paid the padded bill.

For the above reasons we hold that a jury issue was created as to the cause of action for fraud and the trial judge erred in directing a verdict for Jones Chevrolet on this cause of action.

Turning now to the evidence question, and the U.T.P.A. cause of action, which we concurrently consider, there was a pretrial order by Judge Morris holding that Barnes would not be permitted to introduce evidence about two occurrences similar to those alleged in the complaint but involving other individuals. At trial, Judge Laney likewise disallowed evidence of similar acts, maintaining he did not have the authority to rule differently.

Rule 16(b), S.C.R.C.P. (1985) provides: "[A written pretrial] order when entered controls the subsequent course of the action, unless modified on motion, or at the trial to prevent manifest injustice."

We hold that under Rule 16(b) and the facts of this case the trial judge erred by disallowing the proffered testimony. Under Rule 16(b), a trial judge is not inextricably bound by the terms of a pretrial order. Moreover, the facts of this case, viewed in the context of Barnes' U.T.P.A. cause of action, warranted modification of the pretrial order at issue.

Evidence of similar acts, transactions, or happenings is admissible where there is some special relation between them which would tend to prove or disprove some fact in dispute. *Reed v. Clark*, 277 S. C. 310, 286 S. E. (2d) 384 (1982); *Pittman v. Galloway*, 281 S. C. 70, 313 S. E. (2d) 632 (Ct. App. 1984). We hold that there is a special relation between the proffered testimony and Barnes' action under the U.T.P.A. We hold this because in an action under the U.T.P.A., a material issue to be proved is that the unfair practice or act affects persons other than the parties to the transaction. *Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S. C. 475, 351 S. E. (2d) 347, 349, 350 (Ct. App. 1986). "Manifest injustice" would then result if

Barnes were not allowed to introduce evidence of similar acts because of the relevance of these acts to the cause of action for the violation of the U.T.P.A.; we so hold.

■ Padding bills for auto repair is an unfair trade practice and act, and we so hold. *Noack* holds that it was the legislature's intent to limit the application of the U.T.P.A. to only those unfair or deceptive acts or practices in the conduct of trade or commerce which affect the public interest. *Noack* also stated, however, that unfair or deceptive acts with the potential for repetition have an impact on the public interest. We also hold that padding auto repair bills affects the public interest because of its potential for repetition. Barnes should have been allowed to present evidence of similar acts since this evidence also suggests the potential for repetition of the act for which he sought relief.

For the reasons stated, we hold that Barnes presented evidence which created a jury issue as to his cause of action under the U.T.P.A., and the evidence proffered of similar acts by Jones Chevrolet should have been submitted to the jury in connection with this cause of action.

We reject Barnes' contentions relating to his action for breach of contract as being manifestly without merit. *See* Section 14-8-250, Code of Laws of South Carolina (Supp. 1986).

For the reasons stated the judgment below is affirmed as to the contract action, reversed as to the directed verdicts on Barnes' causes of action for fraud and deceit and violation of the U.T.P.A., and remanded for a trial de novo of Barnes' causes of action for (1) fraud and deceit and (2) violation of the U.T.P.A.

Affirmed in part, reversed in part, and remanded.

SHAW and BELL, JJ. concur.