1753

John L. GOISER, Jess Sebastian, Alfonso Matawaran, Fidel Makapugay, Antonio Imperial, Ronald Long, and James R. Bush, Respondents v. Floyd I. HARPER and Craig N. Hammond, d/b/a INH-House, a partnership; Charles F. Whitner, III, and April Tax Services, Inc., of whom Floyd I. Harper is Appellant.

(413 S.E. (2d) 845)

Court of Appeals

*Evans Taylor Barnette*, Columbia, *for appellant.*

*Walter B. Todd, Jr.*, Columbia, *for respondents.*

Heard Nov. 6, 1990; Decided Jan. 2, 1991.

Opinion Jan. 13, 1992.

*Per Curiam:*

These seven plaintiffs (investors) brought this action for damages, on several theories, growing out of a tax shelter scheme whereby the defendant, Floyd I. Harper (promoter)

and others proposed to form a limited partnership. The issues were tried before a jury resulting in a verdict against the promoter alone on three separate causes of action: (1) negligence, (2) breach of fiduciary duty, and (3) unfair trade practices. The promoter appeals; we affirm.

The three causes of action on which verdicts were returned were submitted on special verdicts with a stipulation among the parties that the investors, if victorious, would elect upon which one cause of action to proceed for collection.

The jury found actual damages in the amount of $45,000 on each cause of action. Counsel elected the unfair trade practices claim. The judge refused to triple the damages as permitted by statute, and awarded $10,000 attorney fees to counsel for the investors. We find the record supports the cause of action for unfair trade practices, and the award of attorney fees; therefore, we do not address exceptions as relate to negligence and breach of fiduciary duty.

The investors became connected with the promoter through a tax service. He solicited their investments in a limited partnership to build a motel near Interstate 26 in the Columbia area. The investors advanced a total of $45,000 in the proposed limited partnership which was never actually formed. The investors signed a subscription form wherein the investment was described as "high-risk." During the trial, plaintiffs testified that the promoter told them orally that the language was a formality and the risk was minimal or nonexistent. The promoter's attorney objected to the testimony on the grounds that it contradicted the signed subscription. The trial judge permitted the testimony. The promoter alleges error.

The gravamen of the promoter's appeal submits that the trial judge erred in failing to direct a verdict as to the unfair trade practices claim, that a partnership accounting should have been first pursued before this action at law, and that certain evidence was improperly admitted.

No partnership was formed, and the promoter at best submits that it was the intention of the parties that a partnership come into existence. There is abundant evidence incident to the collection of the investors's contribution, and the promoter's dealings thereafter, that the promoter was deceptive.

The deposits with him were made in May of 1984 with it in view to procure a tax advantage for each of the investors in

that calendar year. The promoter represented in May that the motel project would be completed in September. In June 1984 the promoter sent the investors a letter stating that the project was well under way with final architectural and engineering to be completed within a week. When the project was still stalled in June of 1985, the promoter wrote the investors that financing was in place and the project was under way. He falsely represented that the investors' money was in escrow. In September 1985 the promoter met with some of the investors and asserted a change in plan to build the motel in another country. He offered them their money back after assuring them that it was in escrow, but no money was available at the time, and none was returned.

■ Argument that there is no evidence that the promoter's deceptive acts affected the public interest is not persuasive. Unfair or deceptive acts or practices have an impact upon the public interest if the acts or practices have potential for repetition. *Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S.C. 475, 351 S.E. (2d) 347 (Ct. App. 1986). We find an effect on the public interest can be inferred from the fact that this opportunity was offered to different members of the public including the investors herein. *Barnes v. Jones Chevrolet Company, Inc.*, 292 S.C. 607, 358 S.E. (2d) 156 (Ct. App. 1987) (Padding automobile repairs bills can be an unfair trade practice because of its potential for repetition).

The promoter argues that the investors' cause of action should be dismissed because a partnership accounting has not been sought. Generally co-partners may not sue each other at law unless an accounting in equity has been had. *Burch v. Ashburn*, 295 S.C. 274, 368 S.E. (2d) 82 (Ct. App. 1988). We hold, however, that inasmuch as a partnership was never formed, there were no partners and accordingly, the application of this rule of law is not required under the facts of this case. The dispute arises not within the partnership but grows out of the fact that the promoter did not bring the partnership into being.

■ The promoter alleges error on the part of the trial judge in permitting oral testimony incident to the signing of the subscription form. We find no error. Parole evidence is admissible to establish allegations of fraud in the

execution or inducement of a written contract. *United States Leasing Corporation v. Janicare, Inc.*, 294 S.C. 312, 364 S.E. (2d) 202 (Ct. App. 1988). Although no cause of action for fraud in the inducement or execution of the contract was present herein, for reasons stated in *United States Leasing*, the trial judge, in his discretion, properly admitted testimony of the oral representation that the phrase "high risk" was only a formality. In any event, admission of the evidence was harmless and is not basis for a new trial.

Affirmed.