22090

Keith Merry DELOACH, Plaintiff-Respondents, v. The BEAUFORT GAZETTE, a S. C. Corporation, Defendant-Appellant.

(316 S. E. (2d) 139)

Supreme Court

*David L. Freeman* and *Carl F. Muller,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for defendant-appellant.*

*H. Fred Kuhn, Jr.,* and *Louis Dore,* of *Moss, Bailey, Dore & Jessee,* Beaufort, *for plaintiff-respondents.*

Heard Feb. 10, 1984.

Decided April 30, 1984.

LITTLEJOHN, Justice:

Plaintiff, Keith Merry Deloach, (a private citizen) brought this action against *The Beaufort Gazette,* a newspaper published at Beaufort, South Carolina. He alleges two causes of action, (1) for libel and (2) for invasion of privacy. The invasion of privacy action is bottomed on the factual situation alleged to constitute libel. The case was tried before a jury which rendered a general verdict for both actual and punitive damages against the *Gazette.* The *Gazette* appeals raising issues concerning the sufficiency of evidence of actual malice and the judge's charge to the jury on (1) malice, (2) burden of proof, (3) clear and convincing evidence standards, and (4) standards of fault. We affirm.

On Saturday night, the plaintiff engaged in a difficulty described as a fight or a scuffle with Kim Mickel outside a local night spot. Mickel reported the incident to the City Police but did not swear out a warrant for the plaintiff. The police did fill out an incident report form. Plaintiff was never arrested and never charged with any crime in relation to the incident.

On the following Monday morning, a *Gazette* reporter met with Lieutenant Palmer of the City Police Department to go over police "incident reports" accumulated over the weekend. Two days later, on Wednesday, the following article appeared in the *Gazette:*

> A Burton man was arrested by Beaufort Police Monday charged with assault and battery. Keith Deloach, 21, of Jones' Trailer Park was arrested on a warrant signed by Kim Mickel, 20, of 701 A Congaree Street, Beaufort, police reported. Deloach is charged with striking Mickel as he walked home from Sans Souci Restaurant about 11:00 P.M. Saturday.

On the following Thursday, the *Gazette* printed a correction as follows:

> The *Beaufort Gazette* erroneously reported Wednesday that Keith Deloach, 21, of Jones' Trailer Park, Burton, has been arrested and charged with assault and battery. Deloach has neither been arrested nor charged.
> *The Gazette* regrets the error.

It was testimony of the reporter that Lieutenant Palmer told him ". . . that Kim Mickel had come in and had, in fact, sworn out a warrant." He also testified that Lieutenant Palmer told him ". . . that Deloach was, in fact, arrested."

Lieutenant Palmer gave a different version of what transpired at the meeting on Monday morning. He denied having told the reporter that the plaintiff had been arrested or charged or that a warrant had been issued. Furthermore, the Lieutenant denied telling the reporter anything that could have led him to believe that the plaintiff had been arrested or charged or had a warrant issued for his arrest. He further said that the reporter came into the Police Department almost everyday and that whenever he was there, he always checked the public arrest docket.

The reporter testified that it was his usual practice to check the public arrest docket, which was in an adjoining room and easily available to him, before writing a story. On this occasion, he did not, ostensibly because of an eleven o'clock deadline. He testified that, after learning of this lawsuit, he inadvertently destroyed the notes which he took during the meeting with Lieutenant Palmer. He also acknowledges that he failed to file a report in accordance with the *Gazette* standard procedure which required him to explain the inaccuracy of this story.

The answer of the *Gazette* raises the defenses of a limited denial and a plea that the publication was privileged under the Constitutions of the United States and of South Carolina, and under the South Carolina Common Law because it was made in good faith without malice as an event of public concern.

The issues which command the most attention of the court are set forth in Questions I and II of *Gazette's* brief. It is argued that the evidence does not support a

finding of actual malice such as to warrant a verdict in either of the actions for actual or punitive damages. For the purpose of this appeal, this court must view the evidence in the light most favorable to the plaintiff. That evidence raised a jury issue on a factual matter which had been settled by the jury. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 85, 221 S. E. (2d) 773, 775 (1976). The rule for proof of malice is well established and is included in Request to Charge Number 8, submitted to the court by *Gazette* as follows:

> For the plaintiff to show actual malice it must appear that the publication was published with knowledge of its falsity or *with reckless disregard to whether or not it was false.* (Emphasis added.)

This charge is consistent with the rule announced in *New York Times Company v. Sullivan,* 376 U.S. 254, 279-80, 84 S. Ct. 710, 726, 11 L. Ed. (2d) 686 (1964). The argument of counsel for *Gazette* seems to disregard the testimony of Lieutenant Palmer. It is obvious that the jury did not. In light of Lieutenant Palmer's version of what he told the reporter and in light of that which he denies having told the reporter, it is clearly inferable that the reporter had a high degree of awareness of the probable falseness of the statement he printed or had serious doubts as to its truth. *St. Amant v. Thompson,* 390 U.S. 727, 731-33, 88 S. Ct. 1323, 1325-26, 20 L. Ed. (2d) 262 (1968).

At first blush, it would appear that the ruling is inconsistent with the writer's dissent in *Jones v. Sun Publishing Co.,* 278 S. C. 12, 23, 292 S. E. (2d) 23, 28 (1982) (Littlejohn, J., dissenting). The different result is required because in *Jones* there was no testimony the equivalent of that which Lieutenant Palmer gave.

Having determined that the court properly submitted the issue to the jury, we proceed to the other questions raised by the *Gazette.*

The judge, at the commencement of the trial, undertook to give to the jury a preliminary statement in which some facets of the law were discussed. This is a rather dangerous undertaking by a judge because issues of law are never settled until all evidence is submitted. In that preliminary statement, the judge, in referring to law of defamation, said, "The law of South Carolina has said that libel is

the malicious publication but actually in reality the law of South Carolina has considered malice as a mere formality." While the statement might have been more properly omitted, we do not think that it is reversible error requiring a new trial in the light of the complete and accurate charge on malice just before the jury began its deliberation. The charge should always be considered in its entirety. *Priest v. Scott*, 266 S. C. 321, 324, 223 S. E. (2d) 36, 38 (1976).

The *Gazette* submits further that the Judge placed the burden of proof on the issue of liability on the *Gazette*. This is a strained interpretation of what the judge said. In substantiation of his argument, counsel quotes a portion of the judge's initial charge. If such be questionable or even error, it was corrected in the final charge wherein the judge said:

> ... Applying that pre-requisite, the evidence must prove that the newspaper in this case was at fault in publishing a defamatory falsehood that was injurious to the plaintiff. Without such proof, there could be no liability under the constitution as interpreted in the *Gertz* case by the United States Supreme Court, so far as any award for actual damages may be concerned.
>
> Now, if you find that the evidence fails to prove that the defendant was at fault in publishing the article in question, that is to say, if you find that the evidence fails to prove that the defendant acted wrongfully in publishing the article, then the defendant would not be liable for any damages that the article may have caused the plaintiff. At fault means in the wrong.

While it might have been better had the judge stated "the plaintiff must prove" instead of "... the evidence must prove ...", it is not plausible to argue that this charge of the law cast any burden upon the *Gazette*. Compare this finding with that in *State v. Cooper*, 279 S. C. 301, 302, 306 S. E. (2d) 598, 599 (1983). Taking the charge as a whole, the jury certainly could not have gained the impression that the *Gazette* was required to prove that it was not at fault. *Priest*, 266 S. C. at 324, 223 S. E. (2d) at 38.

The *Gazette* next submits that the trial judge erred in failing to amplify his charge concerning the standard of clear and convincing evidence. He stated:

For the plaintiff to show actual malice in this case it must have been that the publication was published with intention of falsity or with reckless disregard as to whether it was false or not *and that must be established by clear and convincing proof.* (Emphasis added.)

This is consistent with the rule announced in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 348-49, 94 S. Ct. 2997, 3011, 41 L. Ed. (2d) 789 (1974).

The judge had previously discussed "proof by the preponderance of the evidence." A jury could only have been given the impression that "clear and convincing" was a higher degree of proof. Failure to elaborate on these terms was not error. While we hold no error, we add that for actual damages in a libel action neither *New York Times v. Sullivan* nor *Gertz v. Robert Welch, Inc.* require the states to adopt a degree of proof more demanding than by "a preponderance of the evidence" where a private individual is involved. For a private individual to recover punitive damages in a libel action, however, he must prove actual malice by clear and convincing evidence. *Gertz*, 418 U.S. at 348-49, 94 S. Ct. at 3011.

Inasmuch as the verdict of the jury based on the libel cause of action must stand, any discussion of the cause of action based on the invasion of privacy becomes surpulsage. We find the exceptions without merit and the appeal is dismissed.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.