## 22451

BURGESS BROGDON, INC., Appellant v. Fredrick Leon LAKE, Respondent.

(339 S. E. (2d) 507)

Supreme Court

*M. M. Weinberg, Jr.,* of *Weinberg, Brown & McDougall,* Sumter, *for appellant.*

*Harry C. Wilson, Jr.,* of *Lee, Wilson, Erter & Booth,* Sumter, *for respondent.*

Heard Dec. 11, 1985.

Decided Jan. 16, 1986.

CHANDLER, Justice:

Burgess Brogdon, Inc. (Brogdon) appeals from a direction of verdict in its tort action against Fredrick Leon Lake (Lake). The trial judge directed the verdict upon concluding that Brogdon's truck driver was guilty of contributory negligence and recklessness as a matter of law.

We agree and affirm.

## FACTS

Brogdon's dump truck, driven by Larry Bradley (Bradley), was proceeding north on U. S. Highway 15. Respondent Lake was driving his flatbed tractor trailer truck east on Interstate 20 (I-20). I-20 passes over U. S. 15 approximately two miles south of Bishopville. Traffic traveling east on I-20 may enter U. S. 15 by means of a cloverleaf exit ramp.

Lake exited I-20 and proceeded north on U. S. 15. At a point slightly north of the I-20 overpass his truck was struck in the left rear by Brogdon's truck. Brogdon filed suit for property damages.

It is undisputed in the record: that the general area was covered by a fog which limited Bradley's visibility to 150 feet; that U. S. 15 was wet from Bradley's residence in Sumter to the point of collision, that U. S. 15 widens from two to four lanes near the intersection; that at the point where the widening begins, Bradley commenced passing a pickup truck; that Bradley was traveling at a speed of 50 to 55 mph; that Bradley could not stop his truck within a distance of 150 feet; that the right front of Brogdon's truck struck the left rear of Lake's trailer.

The only conflict in the evidence is slight, and relates to the extent to which Lake's truck blocked U. S. 15 at the moment of impact.

Bradley claims Lake's truck was proceeding across both northbound lanes and effectively blocked the highway. Lake claims he was switching lanes because a car on his right had cut in front of him. He admits that portions of his truck were in both northbound lanes at the moment of impact.

## ISSUE

The sole issue is whether Brogdon's driver was guilty of contributory negligence and recklessness as a matter of law.

## DIRECTED VERDICT

It is elementary that, on review of an order granting a directed verdict, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the

party against whom the verdict was directed. A jury issue exists where the evidence is susceptible of more than one reasonable inference. *Claytor v. General Motors Corp.*, 277 S. C. 259, 286 S. E. (2d) 129 (1982); *See also* cases annotated in 3 West's South Carolina Digest *Appeal and Error*, Key No. 927(7) and 18 West's South Carolina Digest *Trial*, Key No. 142.

■ However, where the only reasonable inference to be drawn from the evidence is that the plaintiff's negligence is a direct and proximate cause of his injury, it becomes the trial judge's duty to direct the verdict. *Edwards v. Bloom*, 246 S. C. 346, 143 S. E. (2d) 614 (1965); *See also* cases annotated in 14 West's South Carolina Digest *Negligence*, Key No. 136(26).

## DECISION

It is clear from his own testimony that Bradley, in the face of known hazards, increased his speed to pass the pickup truck immediately prior to the collision. The increased speed made it impossible to stop his vehicle within the distance of his visibility:

Q. And you say at this time, as you were passing [the pickup truck], your speed was fifty to fifty-five?

A. Something in that area.

Q. And what was your visibility at that time?

A. Well, *it was still foggy.* I don't know exactly how far I could see. But I know it was a clear distance.

Q. About a hundred fifty feet, I think you have indicated. Is that right?

A. Right. Yeh.

\* \* \* \* \* \*

Q. Mr. Bradley, *at the speed of fifty to fifty-five miles an hour and when you first saw this vehicle [Lake's truck] your visibility was about a hundred and fifty feet, could you stop your vehicle in that distance?*

A. *Well, no, sir. I couldn't.*

Q. You couldn't stop, could you?

A. I couldn't stop. I tried to. But I couldn't.

Q. And you knew from the time you left home that morning road conditions were wet, didn't you?

A. Yes, sir.

Q. *The road had been wet all the way back to your house?*

A. *Yes, sir.*

Q. And after it had been foggy all night. You were aware that the fog had set in and had been there since the evening before? Were you aware of that?

A. I don't know whether it was good foggy that evening.

Q. It was when you got up?

A. Right. Yes, sir.

Q. Now, when you entered into this passing area or when you entered this area where you actually passed the truck, *I understand you then increased your speed?*

A. *Yes, sir.* [Parentheses and emphases supplied].

S. C. Code Ann. § 56-5-1520 (1976) requires the driver of every vehicle to drive at an appropriately reduced speed when hazards exist with respect to weather or highway conditions. A motorist whose vision is obscured by unfavorable weather conditions must exercise care commensurate with the conditions of travel. *Edwards, supra.*

Here Bradley not only failed to reduce speed upon a wet road shrouded in fog, but increased speed in order to pass the pickup truck. As a result he placed himself in a position from which it was, by his own admission, impossible to avoid the collision.

The conflict in the evidence relates only to the respective positions of the vehicles prior to the collision. Assuming Lake was guilty of negligence and recklessness, the bar to Brogdon's recovery is the contributory negligence and recklessness of its own driver, Bradley.

The trial judge correctly directed the verdict.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.