1625

Peggy v. BELLAMY, Appellant v. Ralph E. PAYNE, D.P.M., and Richard D. Weber, D.P.M., Respondents.

(403 S.E. (2d) 326)

Court of Appeals

*O. Fayrell Furr, Jr.*, of *Furr & Henshaw, P.A.*, and *Ronald M. Childress*, Columbia, *for appellant.*

*John L. Choate* and *Janet Brooks Brunson*, of *Cozen & O'Connor*, Columbia, *for respondents.*

Heard Feb. 12, 1991.

Decided March 11, 1991.

GOOLSBY, Judge:

Peggy V. Bellamy sued two podiatrists, Ralph E. Payne and Richard D. Weber, for malpractice. The jury returned a verdict in favor of the podiatrists. Bellamy appeals. We affirm.

## I.

By Exception No. 1, Bellamy charges the trial court with error "in refusing to allow . . . J. Leonard Goldner, M.D., to testify as to the standard of care owed by a podiatrist in this situation and to . . . testify as to the breaches of the standard of care by the [podiatrists] in this matter."[1]

---

[1] Exception No. 1 does not embrace Bellamy's argument that the trial court erred in disallowing Dr. Goldner's testimony because the standard of care applicable to Bellamy's treatment was the orthopedic rather than the podiatric standard of care. We therefore decline to consider that issue. *See Matthews v. Montgomery*, 193 S.C. 118, 7 S.E. (2d) 841 (1940) (when an exception does not include the specific question argued on appeal, the court is precluded from exploring the possible arguments that may be contained within the exception). Furthermore, the argument is made for the first time on appeal. *See Murphy v. Hagan*, 275 S.C. 334, 271 S.E. (2d) 311 (1980) (issues not raised below cannot be raised for the first time on appeal).

We also do not consider Bellamy's second exception that "[t]he trial court committed error in refusing to allow the witness, J. Leonard Goldner, M.D., to testify as to the breaches of the standard of care by the [podiatrists] in this matter to a patient such as [Bellamy]." The exception clearly does not satisfy Rule 4, Section 6 of the South Carolina Supreme Court Rules. It does not state *why* the trial court committed error in refusing to allow the witness to testify. *Connolly v. People's Life Ins. Co. of South Carolina*, 299 S.C. 348,

The qualification of a witness as an expert is within the sound discretion of the trial court. *Howle v. PYA/Monarch, Inc.*, 288 S.C. 586, 344 S.E. (2d) 157 (Ct. App. 1986). We cannot say the trial court abused its discretion here in not allowing Dr. Goldner, an orthopaedic surgeon, to testify regarding the standard of care owed by a podiatrist.

Dr. Goldner only kept up with podiatric literature on an annual basis, he had only seen twelve to fifteen patients treated by podiatrists in the last ten years, he had never attended a course given by podiatrists, he was not familiar with the standards of the American Academy of Ambulatory Foot Surgery or the American College of Podiatric Foot Surgeons, and he had never seen a podiatrist actually perform any foot surgery. In brief, Dr. Goldner failed to demonstrate to the satisfaction of the trial court his familiarity with the diagnostic, surgical, and treatment procedures employed by podiatrists. *See Botehlo v. Bycura*, 282 S.C. 578, 320 S.E. (2d) 59 (Ct. App. 1984) (to qualify as an expert witness in a case involving allegations of malpractice against a podiatrist, a witness must have knowledge of the standard of care in a podiatric practice); Annotation, *Liability of Chiropodist for Malpractice*, 80 A.L.R. (2d) 1278 (1961) (the general rule in a malpractice case against a podiatrist is that the plaintiff must prove that the defendant failed to employ such ordinary skill and care in the treatment in issue as is commonly exercised by other podiatrists).

Moreover, Bellamy suffered no prejudice in the trial court's refusal to qualify Dr. Goldner as an expert witness. The court allowed two other persons, Dr. Robert Francis Hall, Jr., and Dr. Sheldon Marne, to testify as to the requisite standard of care and as to their opinions that Dr. Payne and Dr. Weber deviated from that standard. *State Auto Insurance Company v. Stuart*, 287 S.C. 235, 337 S.E. (2d) 698 (Ct. App. 1985) (reversible error cannot be predicated upon the exclusion of evidence provided by another witness).

352, 384 S.E. (2d) 738, 740 (1989) (an exception that does not state why the trial court erred "fail[s] to set out [a] complete assignment[] of error"). The Supreme Court recently emphasized to this court that it can "address *only* those issues which are properly before it [by way of exceptions]." *Carolina Business Brokers v. Strickland*, 300 S.C. 492, —, 388 S.E. (2d) 815, 815 (1990) (emphasis theirs).

## II.

Bellamy's complaint concerning the trial court's failure to charge seven of her several requests[2] to charge affords no basis for reversal.

First, the trial court's general instructions, which consume over twenty pages in the record, were broad enough to enable the jury to understand fully the law of the case and it afforded the proper tests for determining the issues. *See Merritt v. Grant*, 285 S.C. 150, 157, 328 S.E. (2d) 346, 350 (Ct. App. 1985), *cert. denied*, 286 S.C. 125, 333 S.E. (2d) 569 (1985) ("Where the general instructions are sufficiently broad to enable the jury to understand fully the law of the case and the issues involved, the trial judge commits no error in refusing to give a requested instruction."); *Lever v. Wilder Mobile Homes, Inc.*, 283 S.C. 452, 454, 322 S.E. (2d) 692, 694 (Ct. App. 1984) ("[F]ailure to give requested instructions is not prejudicial error where the instructions given afford the proper test for determining the issues. . . .").

Second, Bellamy satisfied neither the letter nor the spirit of Rule 51, SCRCP, that requires a party, in order to preserve as error "the failure to give an instruction," to state "distinctly the matter to which he objects *and* the grounds for his objection." (Emphasis ours.)

Although the trial court appears to have objected for Bellamy to its failures to give her requested instructions, a practice that stands Rule 51 on its head, the record does not show that Bellamy, as Rule 51 required her to do, thereafter supported those objections with distinctly-stated grounds of ob-

---

[2] The record is not clear regarding how many requests Bellamy submitted. Because Exception No. 11 refers to a Request No. 13, we assume at least that number were submitted.

At least four of Bellamy's requests contain two paragraphs or more and three, counting the citations, exceed one double-space, typewritten page in length. Although one request, No. 7, contains a single paragraph, it is almost two pages long.

jections.[3] *See* 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2553, at 637 (1971) (wherein the authors in commenting on Rule 51, FRCP, a rule almost identical to Rule 51, SCRCP, observe that "[i]t is certainly undesirable for the court to announce at the close of the instructions that it is granting an automatic exception to all of its refusals to charge"); H. LIGHTSEY & J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE, Ch. 16, pt. VIII, at 372 (1985) ("Counsel must state distinctly the matter to which he objects and the grounds for the objection so that the Court is appraised of the alleged defect and the justification for the requested charge.").

In the absence of distinctly-stated grounds of objection, appellate review of Bellamy's objections is not available. *See Western Transmission Corp. v. Colorado Mainline, Inc.*, 376 F. (2d) 470 (10th Cir. 1967) (a party's mere handing of a requested instruction to the trial court was not "stating distinctly the matter to which he objects and the grounds of his objection" within the meaning of Rule 51, FRCP); *Charles A. Wright, Inc. v. F.D. Rich Co.*, 354 F. (2d) 710 (1st Cir. 1966), *cert. denied*, 384 U.S. 960, 86 S. Ct. 1586, 16 L. Ed. (2d) 673 (1966) (a party's objections to the failures of the trial court to give requested instructions were not preserved for appellate review where the party, who made multiple requests for instructions, failed to bring into focus the nature of the alleged errors and failed to show the trial court distinctly which of the several requests had not been substantially embodied in the charge); *Sears v. Southern Pacific Co.*, 313 F. (2d) 498 (9th Cir. 1963) (where the trial court gave none of the several requested instructions submitted by the plaintiff, the statement that the plaintiff objected to the court's failure to give each of the requested instructions did not satisfy Rule 51, FRCP); *Marshall v. Nugent*, 222 F. (2d) 604, 615 (1st Cir. 1955) (the

---

[3] After instructing the jury, the trial judge provided Bellamy, out of the hearing of the jury, an opportunity, as Rule 51 phrases it, to object to "the giving or the failure to give an instruction" by asking, "Any objections or additions from the plaintiff?"

Bellamy's counsel responded, "Your Honor, you know we did hand in—[.]"

The trial judge interrupted and said, "Yes, sir. I did not charge any of yours. . . . I put 'X's' on all of them, and I just assumed that you would take exceptions to these. All right, I will turn these over to the—to the—[.] Yes, ma'am, Miss Davis (defense counsel)."

statement by the defendant at the conclusion of the trial court's charge that the defendant excepted to the refusal of the court to give the defendant's several numbered requests to charge "insofar as they were not given" deemed insufficient because it failed to point out to the court distinctly which of the requests or parts thereof had not in the opinion of counsel been substantially embodied in the charge); *cf. Bolton v. Tesoro Petroleum Corp.*, 871 F. (2d) 1266 (5th Cir. 1989), *cert. denied,* — U.S. —, 110 S. Ct. 83, 107 L. Ed. (2d) 49 (1989) (where the plaintiffs did not raise specific objections to the trial court's instructions but objected to the extent that the charge differed from the instruction they had proposed to the court, the court of appeals held the plaintiffs had failed to preserve their objections to the jury instructions for appeal).

We note, in reaching our conclusion, that Bellamy failed to suggest to the trial court and failed to include an exception on appeal that the trial court deprived her of an opportunity to state distinctly "the grounds for [her] objections." Rule 51, SCRCP. Certainly, nothing in the record indicates the trial court did so. *See Cross v. Southern Coal & Coke Co.*, 151 S.C. 309, 149 S.E. 14 (1929) (an appellant cannot complain that the trial court hurried the trial of the case where the appellant made no objection at the trial); *cf. Southern Natural Gas Co. v. Wilson*, 304 F. (2d) 253 (5th Cir. 1962) (an objection to a refusal to charge requested instructions would be considered made where the trial court announced it was noting an exception in each instance where it had refused to give a requested charge and would not permit further objection to the refusals).

### III.

Bellamy argues the "preponderance of the evidence was contrary to the jury verdict" and indicates that this issue is presented to this court by "Exception Fourteen." Neither an "Exception Fourteen" nor an exception raising an issue directed to the "preponderance of the evidence," however, appears in the transcript of record. We therefore will not address this issue. *See Evans v. Bruce*, 245 S.C. 42, 138 S.E. (2d) 643 (1964) (in the absence of an exception in the transcript of record, the court has nothing before it to decide); *Hall v. Equitable Life Assur. Soc. of United States*, 177 S.C. 148, 181

S.E. 33 (1935) (the court cannot consider arguments in the absence of an exception).

Affirmed.

SANDERS, C.J., and Shaw, J., concur.