23397

Charles T. JONES, Respondent-Appellant v. RIDGELY COMMUNICATIONS; INC., and Robert Kramer of whom Ridgely Communications, Inc., is Appellant-Respondent, and Robert Kramer is Respondent.

(405 S.E. (2d) 402)

Supreme Court

*W. Joseph Isaacs,* Columbia, *for appellant-respondent* and *respondent.*

*Victoria L. Eslinger* and *Deborah R. J. Shupe,* Columbia, *for respondent-appellant.*

Submitted May 23, 1990.

Decided May 6, 1991.

FINNEY, Justice:

Respondent-Appellant Charles T. Jones (Jones) and Appellant-Respondent Ridgely Communications (Ridgely) appeal

the judgment of the trial court in this breach of contract suit.[1] We affirm in part, reverse in part and remand.

This action grows out of Ridgely's termination of Jones' employment as General Manager of two radio stations. Jones brought suit against Ridgely and its agent, Robert Kramer (Kramer), alleging five causes of action; 1) breach of contract, 2) fraudulent misrepresentation, 3) breach of oral contract, 4) outrage, and 5) slander. Ridgely counterclaimed, asserting two causes of action; 1) breach of contract, and 2) breach of loyalty. Kramer counterclaimed, asserting a cause of action for slander.

Jones and Kramer dismissed their respective causes of action for slander prior to trial, and stipulated that the cause of action for breach of contract was against Ridgely only. During the trial, the judge directed a verdict against Jones on his causes of action for outrage and breach of oral contract. The judge also directed verdicts against Ridgely on both of its counterclaims, leaving only Jones' two causes of action for breach of contract and fraudulent misrepresentation to be submitted to the jury. The jury awarded Jones $130,000 actual damages on his cause of action for breach of contract. The jury returned a verdict for Ridgely and Kramer on Jones' action for fraudulent misrepresentation.

Ridgely appeals the trial judge's direction of verdict on its counterclaims. Ridgely contends the evidence showed, or an inference could be drawn therefrom, that Jones breached his contractual duties by mismanaging personnel and resources and permitting revenue to decline substantially.

On review of an order granting a directed verdict, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party against whom the verdict was directed. A jury issue exists where the evidence is susceptible of more than one reasonable inference. *Burgess Brogdon, Inc., v. Lake*, 288 S.C. 16, 339 S.E. (2d) 507 (1986), *Barnes v. Jones Chevrolet Co., Inc.*, 292 S.C. 607, 358 S.E. (2d) 156 (Ct. App. 1987).

---

[1] Respondent-Appellant Jones' appeal has been stayed pending disposition of Ridgely's bankruptcy proceedings. We address only Ridgely's appeal in this opinion.

Under his employment contract, Jones' duties included ". . . establishing and working to achieve budgetary goals, growth in market share and effective management of station's personnel and resources . . ."

The trial record contains testimony by several witnesses that Jones mismanaged employees by fostering a tense working atmosphere which detrimentally affected sales, revenue, and the existence of an adequate sales force. There is testimony that revenue decreased during Jones' employment, jeopardizing Ridgely's financial status. There is also testimony that Jones failed to maintain the stations' financial performance at the level agreed upon, failed to submit monthly reports as requested, and failed to develop and achieve budgetary goals. Additionally, there is evidence Jones arranged for personal trade and recklessly incurred personal expenses, all to Ridgely's financial detriment.

We find in the record before us evidence sufficient to create a jury issue as to whether or not Jones breached his contractual duty to Ridgely. Hence, the order granting Jones a directed verdict on Ridgely's counterclaims for breach of contract is reversed.

Ridgely next asserts the trial judge erred in denying its requests for specific instructions to the jury. We disagree.

Ridgely's requested charges included, inter alia, the definition of "good cause," cause for termination of employment, the effect of termination for cause upon an employee's right to employment contract benefits, and an employees duty of loyalty to his employer. The court declined to give Ridgely's specific charges, stating that counsel could argue the definitions of "cause" and "good cause" during closing argument.

The court's charge to the jury included instructions as to the elements of Jones' burden of proof in the cause of action alleging breach of contract. The court instructed the jury that the issues of whether there was a breach of contract, or whether there was cause to terminate Jones were questions of fact for the jury to determine.

Where general instructions to the jury are sufficiently broad to enable the jury to understand fully the law of the case and issues involved, the trial judge commits no error in refusing to give a requested instruction. *Merritt v. Grant,* 285 S.C. 150, 328 S.E. (2d) 346 (Ct. App. 1985), *cert. de-*

*nied,* 286 S.C. 125, 333 S.E. (2d) 569 (1985). In order to warrant reversal, the refusal to give a requested charge must have been erroneous and prejudicial. *Id.* In determining prejudice, a charge to the jury should be considered in its entirety. *DeLoach v. The Beaufort Gazette,* 281 S.C. 474, 316 S.E. (2d) 139 (1984), *cert. denied,* 469 U.S. 981, 105 S. Ct. 384, 83 L. Ed. (2d) 319 (1984). Moreover, requested charges couched in language which clearly relates to the facts and would indicate the judge's view of the effect of the testimony should be refused. *Cross v. Southern Coal and Coke Co.,* 151 S.C. 309, 149 S.E. 14 (1929).

The sole jury issue remaining at the close of trial testimony was whether or not Ridgely had cause to terminate Jones' employment. The instructions given by the court informed the jury that it must determine whether there was a breach of contract by deciding whether Ridgely had just cause to fire Jones. We hold that the judge's general charge adequately instructed the jury as to the law of the case and the issues involved. Hence, the ruling of the trial court is affirmed.

For the foregoing reasons, we reverse and remand only the trial judge's order granting Jones a directed verdict on Ridgely's counterclaims.

Affirmed in part, reversed in part, and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.