1909

The STATE, Respondent v. John Thomas McLEMORE, Appellant.

(425 S.E. (2d) 752)

Court of Appeals

*Assistant Appellant Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, Columbia, for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr., and Norman Mark Rapoport, Columbia, and Sol. Donald V. Meyers, Lexington, for respondent.*

Heard Nov. 2, 1992; Decided Nov. 30, 1992.

Reh. Den. Dec. 21, 1992.

GOOLSBY, Judge:

John Thomas McLemore appeals his conviction for the murder of Bobby Childers. A pathologist testified Childers died of head injuries that were consistent with a severe beating administered with fists. The questions on appeal relate to the

trial judge's jury charges on malice and reasonable doubt and the trial judge's failure to instruct the jury on involuntary manslaughter and assault and battery of a high and aggravated nature. We affirm.

## I.

McLemore argues the trial judge's instruction on malice[1] was erroneous because an implication of malice cannot arise from the use of brutal force. Malice, he claims, can only be implied from the use of a deadly weapon. McLemore is clearly wrong. *See State v. Jones*, 86 S.C. 17, 19-20, 67 S.E. 160, 162 (1910) (wherein the court approved a jury charge that "[m]alice . . . may be implied from brutal conduct on the part of the person committing the crime. . . ."); M.C. Dransfield, Annotation, *Inference of Malice or Intent to Kill Where Killing Is by Blow without Weapon*, 22 A.L.R. (2d) 854 § 5, at 871-74 (1952) (annotating cases holding that malice may be inferred where death resulted from an assault using hands, fists, or feet if the defendant used excessive force or extreme brutality). The charge was proper. *Cf. State v. Davis*, 422 S.E. (2d) 133 (S.C. 1992) (the trial judge committed no error in charging the jury that a hand or fist could be considered as a deadly weapon).

## II.

McLemore next argues the trial judge's instruction on reasonable doubt[2] was erroneous because, to quote from his brief, "this instruction could be interpreted by the jury to mean [he] had to supply the jury with a reason not

---

[1] The trial judge charged:

Now, implied malice, the law says that where one intentionally kills another with a deadly weapon or brutal force, the implication of malice may arise, if facts prove beyond a reasonable doubt, a sufficient arising inference of malice to your satisfaction.

[2] The trial judge charged:

Now, the State is required to prove him guilty beyond a reasonable doubt. Now, a reasonable doubt is not a fanciful or imaginary or whimsical doubt, but it is a doubt, a real doubt, a doubt for which you can give a reason. Now, it may grow out of the testimony. It may grow out of the lack of certain evidence or the presence of certain evidence in the case having some reasonable relation to the question of guilt or innocence on the account of—the amount of credibility or weight you give to the testimony of the different witnesses and to any circumstances, if any there are, proven in the case bearing upon the question of guilt or innocence.

to convict him." This argument has no merit whatever. Nothing about the charge suggests McLemore was required to furnish the jury with a reason to find him not guilty.

An almost identical charge, we should add, was approved recently by our Supreme Court in *State v. Johnson*, 306 S.C. 119, 410 S.E. (2d) 547 (1991), *cert. denied,* — U.S. —, 112 S.Ct. 1691, 118 L.Ed. (2d) 404 (1992) (upholding a charge in a death penalty case that a reasonable doubt is not a "weak doubt, or a fanciful doubt, but rather it is a doubt which the name suggests, a doubt for which you can give a reason. . . .").

Also, the charge here is not at all like the one condemned by the Supreme Court in *State v. Manning*, 305 S.C. 413, 409 S.E. (2d) 372 (1991), *cert. denied,* — U.S. —, 112 S.Ct. 1282, 117 L.Ed. (2d) 507 (1992), the case relied on by McLemore. It does not equate the terms "substantial doubt" and "moral certainty."

### III.

We need not address McLemore's arguments that the trial judge erred in not charging the jury on the crimes of involuntary manslaughter and assault and battery of a high and aggravated nature. The issues are not preserved.[3]

---

[3] Before the trial judge charged the jury, the transcript reflects the following occurred:

[SOLICITOR]: Judge, I was a little unclear before lunch exactly what you're going to charge.

THE COURT: What did you all decide on?

[SOLICITOR]: Murder, voluntary manslaughter, both proximate causes, you all's and ours.

THE COURT: Well, I'm going to combine them.

[SOLICITOR]: All right. Now, I'm unclear about assault and battery with intent to kill.

THE COURT: I'm going to charge assault and battery with intent to kill, and assault and battery of a high and aggravated nature.

[DEFENSE COUNSEL]: You might as well charge involuntary manslaughter then, too; give them everything.

[SOLICITOR]: Well, you may as well charge self-defense, accruement [sic], non-presence, alibi. I mean, it's got to apply. Simply assault and battery.

Judge, I don't believe assault and battery with intent to kill—I believe it's a causation case, whether or not the injuries he inflicted caused the death of the defendant [sic]. That's the issue in the case, and I don't believe—I know of no case—

THE COURT: I'll just charge murder and voluntary manslaughter.

[SOLICITOR]: All right. Thank you, your Honor.

McLemore's failure to voice an objection either to the trial judge's indication that he would not be charging either offense or to the trial judge's failure to instruct the jury on each offense without "stat[ing] distinctly the matter objected to and the grounds for objection" waived any objection he might have had, even were we to assume, and we do not, McLemore made a request for an instruction on each offense. Rule 20(b), S.C.R.Crim.P.; *see United States v. Hoelscher*, 914 F. (2d) 1527, 1534 (8th Cir. 1990), *cert. denied sub nom. Giuffrida v. United States*, — U.S. —, 111 S.Ct. 971, 112 L.Ed. (2d) 1057 (1991) ("Merely offering a requested instruction to the trial judge for consideration" without advancing any reason the instruction should have been given or making a timely and specific objection to the failure of the court to give the instruction "is not sufficient to preserve the error and satisfy Fed.R.Crim.P. 30."); *cf. Bellamy v. Payne*, 304 S.C. 179, 403 S.E. (2d) 326 (Ct. App. 1991) (a party does not preserve objections to a trial judge's failure to give requested instructions for appellate review where the party does not support objections with distinctly-stated grounds of objection as required by Rule 51, S.C.R.C.P.).

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.

---

THE COURT: On causation, I'll use you all's. Okay.
[SOLICITOR]: Thank you.
THE COURT: All right. Bring the jury in. You all didn't want to charge self-defense?
[DEFENSE COUNSEL]: No.
THE COURT: Okay. Put that in the record.

After the trial judge completed his charge and sent the jury to its room, he gave both sides an opportunity to object to the giving or failure to give an instruction in accordance with Rule 20(b), S.C.R.Crim.P. The State had no objections. The only objections made by McLemore were to the charge on reasonable doubt and to the charge on malice.