**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Jackson and Christopher Mitchell, Respondents,

v.

Joe Henry and Joe Henry Law Firm, Appellants.

Appellate Case No. 2019-000953

———————

Appeal From Richland County
Brooks P. Goldsmith, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-042
Submitted September 1, 2022 – Filed February 1, 2023

———————

**AFFIRMED**

———————

Joseph Henry, of Joseph Henry, PC, of Irmo, for
Appellants.

John Charles Ormond, Jr., of Ormond/Dunn, of
Columbia, for Respondents.

———————

**PER CURIAM:** In this legal malpractice action, Joseph Henry, pro se, and Joe Henry Law Firm (collectively, Henry) appeal a jury verdict in favor of Thomas Jackson and Christopher Mitchell (collectively, Clients). On appeal, Henry argues the circuit court (1) erred by denying his motion for a directed verdict; (2) abused its discretion by admitting into evidence testimony concerning confidential

settlement offers made during mediation; (3) abused its discretion by refusing to address the issue of Clients' alleged perjury; and, (4) abused its discretion by refusing to dismiss Mitchell's case for failure to prosecute. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one, we find this issue is not preserved for appellate review because Henry failed to renew his directed verdict motion at the close of all evidence. *See Wright v. Craft*, 372 S.C. 1, 19-20, 640 S.E.2d 486, 496 (Ct. App. 2006) ("When a defendant moves for a directed verdict under Rule 50, SCRCP at the close of the plaintiff's case, he must renew that motion at the close of all evidence. Otherwise, [an appellate] court is precluded from reviewing the denial of the motion on appeal." (citations omitted)).

2. As to issue two, we hold the circuit court did not abuse its discretion in admitting evidence related to Clients' settlement offers and mediation discussions. *See Wright*, 372 S.C. at 33, 640 S.E.2d at 503 ("The admissibility of evidence is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion or the commission of legal error prejudicing the defendant."). Rule 8(c)(3), SCADR, expressly provides an exception to the mediation communication confidentiality requirement under subsection (a)[1] when the communication is used to report or prove professional malpractice that occurred during the mediation in a professional malpractice proceeding. Here, the evidence was not admitted in Clients' underlying actions against the South Carolina Budget and Control Board; rather, the circuit court admitted the evidence in Clients' malpractice action against Henry. Clients alleged Henry specifically advised them not to take the settlement offers extended during mediation with the Budget and Control Board, then failed to restore their cases under the consent Rule 40(j), SCRCP motion. The evidence relating to the settlement offers established the timing between when the Budget and Control Board made the settlement offers and when Clients had to file a motion to restore their cases. In addition, Clients' testimonies regarding Henry's alleged advice to reject the settlement offers showed the egregiousness of Henry's failure to move to restore Clients' cases. Accordingly, we hold the circuit court did not abuse its discretion in admitting evidence relating to Clients' settlement offers.

---

[1] Rule 8(a), SCADR provides, "Any mediation communication disclosed during a mediation, including, but not limited to, oral, documentary, or electronic information, shall be confidential, and shall not be divulged by anyone in attendance at the mediation participating in the mediation, except as permitted under this rule or by statute."

As to Henry's argument opposing counsel violated Rule 407, SCACR, we find this issue is unpreserved for appellate review because it was neither raised to nor ruled upon by the circuit court. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

3. As to issue three, we hold it is axiomatic that the circuit court did not have the authority to charge a witness with perjury. In South Carolina, the solicitor is charged with the responsibility of prosecuting criminal charges, including procurement of an indictment from a grand jury. *See* S.C. Const. art. V, § 24 (providing for the election of circuit solicitors to enforce the laws of this State and prosecute persons under these laws, with the Attorney General acting as the chief prosecuting officer of the State); S.C. Code Ann. § 1-7-320 (2005) (providing solicitors "shall assist the Attorney General, or each other, in all suits of prosecution in behalf of this State"); S.C. Code Ann. § 14-9-210 (2017) (providing solicitors are responsible for preparing bills of indictment for submission to the grand jury in criminal proceedings). Therefore, we find the circuit court did not abuse its discretion in refusing to charge the jury on perjury. *See Stephens v. CSX Transp., Inc.*, 415 S.C. 182, 197, 781 S.E.2d 534, 542 (2015) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court committed an abuse of discretion." (quoting *Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008))); *Jones v. Ridgely Commc'ns, Inc.*, 304 S.C. 452, 456, 405 S.E.2d 402, 404 (1991) ("In order to warrant reversal, the refusal to give a requested charge must have been erroneous and prejudicial.").

4. As to issue four, we find the circuit court did not abuse its discretion in denying Henry's motion to dismiss for failure to prosecute. *See McComas v. Ross*, 368 S.C. 59, 62, 626 S.E.2d 902, 904 (Ct. App. 2006) ("Whether an action should be dismissed for failure to prosecute is left to the discretion of the trial court judge, and his decision will not be disturbed, except upon a clear showing of an abuse of discretion."). Although Mitchell did not attend court on the first day of trial, Clients' attorney and Jackson were present and indicated they wished to proceed. Henry moved to dismiss the case and complained he had to rearrange his schedule to be there. Because Clients proceeded with the trial as scheduled despite Mitchell's absence, we find Clients did not fail to prosecute their case. *Cf. id.* ("In those cases where our supreme court has affirmed dismissal of actions based on a failure to prosecute, the dismissals were imposed to maintain the orderly disposition of cases in the face of repeated warnings to the offending party or

multiple opportunities to proceed with trial, and only then upon a finding of unreasonable neglect.").  Moreover, Henry chose to represent himself and did not ask for protection from the circuit court for the trial date.  Therefore, he was obligated to appear in court to represent himself.  We hold the circuit court did not abuse its discretion in allowing the trial to go forward with only one plaintiff present.  *See State v. DeBerry*, 250 S.C. 314, 322, 157 S.E.2d 637, 641 (1967) ("A trial judge is vested with a wide discretion in the conduct of a trial.").

Henry further argues the circuit court erred by not questioning a juror about whether they knew Mitchell.  We find this issue is not preserved for appellate review.  *See Turner v. Med. Univ. of S.C.*, 430 S.C. 569, 590, 846 S.E.2d 1, 12 (Ct. App. 2020) ("A contemporaneous objection is required to preserve issues for appellate review.").

**AFFIRMED.**[2]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.