20190

Charles E. CASSADY, Appellant, v. T. C. MEARES, Jr., Respondent.
(223 S. E. (2d) 191)

*Thomas E. Foster, Esq.,* of Spartanburg, *for Appellant,*

*Franklin W. Allen, Esq.,* of Spartanburg, *for Respondent,*

*Thomas E. Foster, Esq.,* of Spartanburg, *for Appellant,* in Reply.

March 11, 1976.

LEWIS, Chief Justice.

Plaintiff (appellant) obtained a default judgment against the defendant (respondent), which was vacated by the lower court upon findings that the judgment was entered against respondent through his mistake or excusable neglect. Plaintiff has appealed from the order of the lower court upon the ground that it was entered without evidentiary support and therefore, constituted an abuse of discretion. We agree.

The motion to vacate the default judgment was made pursuant to Section 10-1213 of the 1962 Code of Laws, which, pertinent here, permits the court, in its discretion and upon such terms as may be just, to relieve a party from a judgment "taken against him through his mistake, inadvertence, surprise or excusable neglect."

The only evidence in support of the motion to vacate the judgment was contained in the affidavit of respondent. It appears from this affidavit that the parties were involved in an automobile accident on June 15, 1974; that the respondent employed an attorney to represent him in the matter on June 18, 1974; that his attorney made an extensive investigation into the accident; and that all papers received by respondent with regard to the accident were delivered to his attorney as they were received, including (1) the verified summons and complaint in this action served on or about February 26, 1975, and (2) a letter from appellant's counsel dated March 28, 1975 advising that default judgment had been entered on March 25, 1975. The motion to vacate the judgment was made by respondent's present counsel who entered the case after judgment by default was obtained.

Although respondent states that he timely delivered the summons and complaint to his counsel, there is a complete absence of any explanation of why the attorney failed to make an appearance in the case. Such unexplained inaction of the attorney is attributable to the client (here respondent) and is insufficient grounds for relief from the default. *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391; *Lee v. Peek,* 240 S. C. 203, 125 S. E. (2d) 353.

The judgment of the lower court is accordingly reversed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.