20691

Marguerite CLARK, by her Committee, David C. Norton, Appellant, v. Mary B. CLARK, Julian H. Clark, III. Sherman Cohn and Barbara Cohn, Respondents.

(244 S. E. (2d) 743)

*Ray P. McClain*, of *Epstein, McClain & Derfner* and *A. Arthur Rosenblum*, Charleston, *for respondents*.

*Wade Hampton Logan, III*, and *B. M. Thomson, Jr.*, of *Holmes, Thomson, Logan & Cantrell*, Charleston, *for appellant*.

May 17, 1978.

NESS, Justice:

This appeal is from an order vacating a default judgment pursuant to Section 15-27-130 of the Code of Laws of South Carolina (1976). We reverse.

On September 13, 1976, an action for the recovery of real property was commenced against respondent Mary B. Clark on behalf of appellant Marguerite Clark. As no answer or other pleading was filed, an order of default was signed on November 26, 1976.

On February 18, 1977, respondent moved to set aside the default judgment and to file an answer. The court granted her motion and set aside the judgment. We conclude this was erroneous.

Appellant Marguerite Clark was a patient in the South Carolina State Hospital for many years until released into the custody of her sister-in-law, the respondent, in January of 1975. Within one month after her release, appellant was induced to execute a general power of attorney in favor of respondent.

Subsequently, appellant conveyed the bulk of her real property to respondent for $5.00, love and affection. This property had an estimated fair market value of $68,800.00. Additionally she had a bank account in the amount of $9,500.00 which was also turned over to respondent.

When this suit was instituted in August, 1976, appellant was residing in a home for the aged and was without any real or personal property. She asked that the conveyances be set aside, that a receiver be appointed, and that respondent be ordered to provide a full and fair accounting of all proceeds received for appellant's benefit.

The lower court vacated the default judgment by finding "excusable neglect" in an alleged misunderstanding between respondent and her counsel. According to an affidavit filed by respondent's attorney, he informed her he could not represent her due to a conflict of interest, and advised her to obtain other counsel to avoid default. Respondent, however, asserted her attorney gave no indication of a conflict of interest until January 20, 1977, and never informed her of the possibility of default.

Under either version of the facts, the order of default should not have been set aside. Respondent did not make a *prima facie* showing of excusable neglect as required by Code Section 15-27-130. See *Rajcich v. Rajcich,* 256 S. C. 121, 181 S. E. (2d) 11 (1971). Even assuming the truth of respondent's affidavit, she is bound by the acts of her attorney. The acts and omissions of an attorney are directly attributable to the client. *Lee v. Peek,* 240 S. C. 203, 125 S. E. (2d) 353 (1962); *Cassady v. Meares,* 266 S. C. 352, 223 S. E. (2d) 191 (1976). Just as a party cannot obtain relief from the consequences of his own neglect, he is without relief where the neglect is that of his attorney. *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391 (1957).

In this situation, "neglect is shown but no excuse for it," *Livingston v. S. C. Farm Bureau Mutual Ins. Co.,* 254 S. C. 161, 174 S. E. (2d) 163 (1970). As noted in *Pruitte v. Burns,* 212 S. C. 325, 47 S. E. (2d) 785 (1948), Code Section 15-27-130 was never intended to protect "the stubborn and indifferent."

Moreover, in order to open a judgment pursuant to Code Section 15-27-130, it is necessary for the moving party to show a meritorious defense. *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70 (1944); *McInerny v. Toler,* 260 S. C. 382, 196 S. E. (2d) 122 (1973). Assuming that there was a sufficient showing of excusable neglect, the facts of this case do not indicate the existence of a meritorious defense.

The original order of default is re-instated and the order setting it aside is reversed.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.