## 21001

Edna Q. LAWSON, Appellant, v. Charles N. LAWSON, Respondent. (257 S. E. (2d) 152)

*Jack McGuinn,* Columbia, *for appellant.*

*Hyatt & Elliott,* Columbia, *for respondent.*

July 10, 1979.

*Per Curiam:*

Mr. and Mrs. Lawson were divorced by decree of the family court dated September 9, 1977. This appeal by Mrs. Lawson is from a subsequent order dated August 16, 1978 refusing to vacate the divorce decree of September 9, 1977. We affirm.

The divorce action was initiated by Mrs. Lawson in the Richland County Court. Mr. Lawson answered and counterclaimed for a divorce. The matter was referred to the Richland County Standing Master in divorce cases; however, before a reference could be scheduled and held the action was transferred to the family court pursuant to Act No. 690 of the 1976 Acts of the General Assembly, the "Judicial Reform Act." Thereafter, a hearing on the merits was scheduled in family court for September 6, 1977, and counsel for Mr. Lawson and Mrs. Lawson were each notified of the hearing. Mrs. Lawson failed to attend the hearing, and the family court granted Mr. Lawson a divorce, denied alimony to Mrs. Lawson, and placed custody of the parties' children with Mrs. Lawson. Mr. Lawson subsequently remarried.

Approximately eleven months after the divorce decree was granted Mrs. Lawson moved to set aside the decree under Section 15-27-130, 1976 Code of Laws of South Carolina. The basis of Mrs. Lawson's motion was her contention that her attorney had failed to notify her of the September 6, 1977 hearing. Mrs. Lawson also argued that the family court was without jurisdiction over the divorce action. The family court refused to vacate the divorce decree and this appeal followed.

The failure of Mrs. Lawson's attorney to notify her of the hearing is unexplained. The law is clear in this State that the "unexplained inaction of the attorney is attributable to the client," and will not entitle the client to relief under Section 15-27-130. *Cassady v. Meares,* 266 S. C. 352, 223 S. E.

(2d) 191 (1976). The family court correctly refused to set aside the divorce decree.

Mrs. Lawson also contends the family court was without jurisdiction to enter the divorce decree, and argues that jurisdiction existed in the Richland County Court.

The parties' divorce action was transferred from the Richland County Court to the family court as part of the statewide administrative implementation of Act No. 690 of the 1976 Acts of the General Assembly, the "Judicial Reform Act." The objection to jurisdiction in the family court is patently frivolous and is dismissed under our Rule 23.

Accordingly, the order of the lower court is affirmed.

Affirmed.