22647

A. Dewey SHULER and Barbara Shuler, Appellants v. Charles C. CROOK, individually and doing business as Charles Crook Construction Company, Inc.; and Smoak Building Specialists, Inc.; Respondents.

(351 S. E. (2d) 862)

Supreme Court

*Alvin Hinkle,* Columbia, *for appellants.*

*F. Lee Prickett, Jr.,* St. Matthews, and *Robert R. Horger,* Orangeburg, *for respondents.*

Heard Nov. 21, 1986.

Decided Dec. 29, 1986.

HARWELL, Justice:

At a hearing on a motion to restore a case to the active roster, the circuit court ordered that the case be restored only upon payment by appellant of the costs and attorney fees which respondent had incurred as a result of this litigation. Appellants appealed the circuit court's order. We affirm in part; reverse in part; and remand.

The case involved in this appeal was originally docketed in the court of common pleas on June 23, 1982. Discovery was undertaken and substantially completed by the attorneys. By order dated March 21, 1983, the case was transferred to the non-jury calendar. The order required the case to be tried before June 15, 1983. On June 17, 1983, the order of March 21, 1983 was vacated and the matter was continued until appellants' first set of counsel could be heard on their

motion to be relieved. On June 23, 1983, the circuit court issued an order referring the case to a Master in Equity. On July 5, 1983, the circuit court granted counsel's motion to be relieved and appellants obtained their second attorney. No hearing was held and in September, 1983, the case was voluntarily nonsuited and later refiled.

The parties then agreed to have the matter heard by a special referee. The scheduled hearing was cancelled by appellants' attorney. Soon afterwards, respondents' attorney was advised that appellants' second attorney had withdrawn from representation. On May 22, 1984, the case was struck from the active roster with leave to restore on good cause shown. On August 1, 1984, appellants' third attorney requested that the case be restored to the active roster. On November 21, 1984, the circuit court granted the motion made by appellants' third attorney to be relieved. On June 6, 1985, appellants informed the court that they had obtained a fourth attorney to represent them. Subsequently, the circuit court issued the order which is the subject of this appeal.

The circuit court stated in its order that appellants' frequent change of counsel had added to respondents' costs in defending this case. In an effort to treat both parties fairly, the circuit court ruled that the case should be restored to the jury roster, but only on the condition that appellants pay all costs and attorney fees that respondents had incurred in this action up until the date of the order. The judge found that the respondents' attorney fees and costs amounted to $2,187. The judge ordered the clerk to restore the case to the active jury roster upon receipt of the clerk of court of this amount.

First, appellants contend that it is unfair to penalize them for the actions of their attorneys. Acts of an attorney are directly attributable and binding upon the client. *Clark v. Clark*, 271 S. C. 21, 244 S. E. (2d) 743 (1978). In the present case, this contention is patently without merit.

Second, appellants claim that the circuit court cannot require them to pay attorney fees and costs as a condition of restoring their case to the active roster. Rule 59 of the circuit court practice rules provides that, "[w]here a party has suffered a nonsuit, or discontinuance,

or has otherwise let fall his action, all proceedings in any new action, for the same cause, shall be suspended until all costs and disbursements as may be taxed by the clerk of such former actions have been paid." Cir. Ct. R. 59 (1976).[1] It is clear from the language of this rule that the judge has the power to order appellants to pay all of respondents' costs and disbursements before allowing the case to go to trial. *McEarchern v. Wilson,* 165 S. C. 485, 164 S. E. 133 (1932). The general rule, however, is that attorney fees are not included in the term "costs" in the absence of some statutory provision, rule of court, or contract of the parties. 20 Am. Jur. 2d *Costs* § 72 (1965). *See also Duke Power Company v. South Carolina Public Service Commission,* 284 S. C. 81, 100, 326 S. E. (2d) 395, 406 (1985). While there is a court rule allowing the imposition of attorney fees on the granting of a voluntary nonsuit, Cir. Ct. R. 45 (1976)[2] and *Shipp v. Richardson Corporation of South Carolina, Inc.* 285 S. C. 460, 330 S. E. (2d) 291 (1985), there is no corresponding provision for allowing attorney fees when reinstating the case. Since no statute, court rule, or agreement of the parties provide for attorney fees, the circuit court erred in awarding them.[3]

This court is not able to determine from the record before us what portion of the $2,187 is attributable to costs and disbursements and what portion is attributable to attorney fees. The award of costs is affirmed; the award of attorney fees is reversed; and the case is remanded for a determination of the amount of costs and disbursements to which the respondent is entitled. Appellants and respondents shall each bear their own cost in the perfection of this appeal.

Affirmed in part; reversed in part; and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.

---

[1] The substance of this rule is now contained in Rule 41(d), SCRCP.

[2] The substance of this rule is now contained in Rule 41(a), SCRCP.

[3] Respondents' reliance on the language of Cir. Ct. R. 82 (1976, as amended) that a case which has been filed for more than one year "may only be restored in the discretion of the court . . ." is misplaced. The quoted language does not provide a basis for an award of attorney fees.