601 S.E.2d 540

**BB & T OF SOUTH CAROLINA, Petitioner,**

**v.**

**Lottie FLEMING and Frederick Fleming, Respondents.**

**No. 25853.**

Supreme Court of South Carolina.

Submitted April 21, 2004.

Decided Aug. 9, 2004.

John William Ray, of Greenville, for Petitioner.

Lottie Fleming and Frederick Fleming, of Greenville, pro se.

Chief Justice TOAL:

We granted certiorari to determine whether the court of appeals erred in affirming judgment for Lottie Fleming and Frederick Fleming (Flemings), holding that a verified statement of account (VSA) included in a request for default judgment cannot be signed by the attorney of record. We reverse.

## Factual/Procedural Background

In 1994, John William Ray (Ray) began representing petitioner BB & T in its collection matters on a large scale. Regardless of whether BB & T sues a defaulted obligor, the obligor's file remains in Ray's custody throughout the collection process. Upon initiating litigation against a defaulted obligor, Ray has developed a practice of attaching a self-signed VSA, among other associated documents, to complaints. In addition, Ray has made practice of attaching a self-signed affidavit of the liquidated sum certain along with interest and costs pursuant to Rule 55(b), SCRCP.

From 1994 until 2000, Ray's practice of signing the VSAs himself went unchallenged but in early 2000, in Greenville County, BB & T's requests for default judgment began to be denied. At that same time, the trial judge [1] wrote Ray and explained that the requests were being denied because VSAs "should be signed by [the] plaintiff," not counsel. In addition, the trial judge's law clerk wrote Ray a letter, explaining that Ray should not sign the VSAs because by signing the VSAs, Ray was attesting "as a fact witness—which runs counter to Rule 3.7." [2]

---

1. Judge Patterson was the trial judge in the majority of the suits involved in this appeal. He was the first judge to deny Ray's requests for default on the ground that the VSAs were "defective." As Chief Administrative Judge of the thirteenth circuit, Judge Patterson also instructed the other thirteenth circuit judges to deny all of Ray's requests for judgment that included "defective" VSAs.

2. Rule 3.7 of the Rules of Professional Conduct, Rule 407, SCACR provides that an attorney may not participate in a case if that attorney is likely to be a "necessary witness."

In response, Ray wrote the trial judge on two separate occasions explaining that he was in the best position to sign the VSAs because he was essentially the records custodian for BB & T. The trial judge replied to one of Ray's letters by writing:

> Everyday I sign orders for numerous collection attorneys from around the state—None of those sign verifying the amount due. You cannot do that as an attorney in this case. You are the only lawyer attempting to do that—I'm sure that this is improper. It is contrary to the law. You cannot be a witness in the case. You present evidence.

The trial judge also wrote a letter to the Greenville County Clerk of Court, which intercepted a letter that Ray wrote to the clerk stating: "Mr. Ray refuses to handle his collection the way other attorneys do. He cannot be a witness and certify damages. If he has the bank certify the amount due I will sign the order. If another Judge wants to sign it, fine."

Subsequently, Ray wrote a letter to Judge Kittredge's law clerk to check the status of several proposed default orders that Ray had sent for Judge Kittredge's approval. Judge Patterson responded to the letter:

> I am sorry that I am late in responding to your letter to Judge Kittredge, but, as you know, I have relayed to you my opinion on this matter.

> Rule 11 permits signing of pleadings by attorneys. Specifically, SCRCP 9(i) provides for verification of account. The Rule specifically states that the pleader shall attach a verified copy of the account to the pleading. It was added to the South Carolina Rules to preserve prior practice. These rules never intended for an attorney to verify pleadings or accounts. Further, there is case law to the effect that an account based on information and belief does not constitute proof sufficient to enter judgment for liquidated damages. Rule 11(c) provides that when a corporation is a party the verification may be made by any officer or agent thereof.

> I have signed several hundred default judgments this year. You are the only attorney who does not have an officer or agent verify the amount of the loan, the amount paid, and the balance due.

Your files are becoming dormant, and in fairness, I shall set them before me for a hearing, make a record, and permit you to appeal my ruling.

The letter was carbon-copied to Judges Few, Floyd, Kittredge, Watson, Cole, and Non-jury Coordinator, Carole C. Hopkins.

Nearly a year later, the trial judge—before conducting a hearing—issued an order addressing five collection actions filed by Ray, including the Flemings' case. In his order, the trial judge (1) refused to enter default judgment in all cases where Ray signed the VSA and (2) imposed a proactive $100 fine *sua sponte* against Ray for every future VSA that he signed and submitted to the court.

The court of appeals affirmed, holding that (1) the issue of whether Ray's self-signed VSAs were legitimate was not preserved for review, and (2) the issue concerning the trial judge's proactive fines was not ripe for review. BB & T raises the following issues for review:

I.   **Did the court of appeals err in holding that the issue of whether the trial judge properly refused to enter a default judgment was not preserved for review?**

II.  **Did the court of appeals err in holding that the issue concerning proactive sanctions was not ripe for review?**

### LAW/ANALYSIS

### I.   Refusal to Enter Default Judgment

The court of appeals held that BB & T did not properly preserve the issue of whether the trial judge erred in refusing to enter a default judgment because the issue was "not raised to the circuit court and [is] not addressed in the order." *BB & T of South Carolina v. Lottie Fleming and Frederick Fleming,* Op. No. 03–UP–255 (S.C. Ct.App. filed April 8, 2003). BB & T argues that the court of appeals erred in ruling that the issue was not properly preserved for review. BB & T further argues that the court of appeals should have reversed the trial judge's ruling denying BB & T default judgment. We agree.

■ In early October 2000, the trial judge wrote Ray a letter explaining that he intended to conduct a hearing and create a record so that the VSA issue would be preserved for review, but a hearing never took place. In addition, the record reveals that BB & T offered to prepare a record and an order to the trial court's specification. Nevertheless, the trial judge rejected BB & T's proposals and failed to address the VSA issue in the order despite BB & T's efforts to have the issue placed on the record. As a result, BB & T could not create a record and preserve the issue for review. Given that BB & T took the proper steps to preserve the issue, and was unsuccessful only because of the trial court's lack of cooperation, we hold that the VSA issue is properly preserved for appellate review and will address the issue accordingly.

Two rules apply to the VSA issue presented in this case: Rule 9(i), SCRCP, Verification of Account and Rule 11(c), SCRCP, Affidavits and Verifications.

Rule 9(i), SCRCP, provides:

**Verification of Account.** In an action on an account the pleader shall attach a verified copy of the account to the pleading, or if the items of the account are set forth in the pleading, it must be verified.

Rule 11(c), SCRCP, provides:

**Affidavits and Verifications.** Affidavits or verifications authorized or permitted under these Rules shall be written statements or declarations by a party **or his attorney of record** or of a witness, sworn to or affirmed before an officer authorized to administer oaths, that the affiant knows the facts stated to be true of his own knowledge, except as to those matters stated on information and belief and as to those matters that he believes them to be true. When a corporation is a party the verifications may be made by any officer **or agent thereof** ....

(emphasis added).

■ In the present case, Ray is the attorney of record, and as such, he is also an agent of BB & T. Ray has also shown that he is in the best position to sign VSAs for BB & T because he is the custodian of BB & T's obligor files. Accordingly, we hold that Rule 11(c) allows an attorney of record to sign VSAs in connection with debt collection proceedings.

Further, we find that the trial judge's grounds for denying judgment were based upon a misinterpretation of the law and that default judgment should have been entered as requested.

We find that the court of appeals erred in holding that BB & T did not properly preserve the issue of whether BB & T's counsel may sign a VSA. In addition, according to the plain meaning of Rule 11(c), default judgment should have been entered in favor of BB & T in its suit against the Flemings.

## II. SANCTIONS

BB & T argues that the court of appeals erred in affirming the $100 proactive fine imposed by the trial judge. Because the grounds for the fines were based upon a misinterpretation of law, we hold that the sanctions are void.

## CONCLUSION

We reverse the court of appeals ruling, which upholds the trial court's denial of entry of judgment based upon a misinterpretation of Rule 11(c), SCRCP. We also vacate the order as to sanctions against Ray and instruct the trial court to enter judgment in favor of BB & T.

MOORE, WALLER and BURNETT, JJ., concur.

PLEICONES, J., not participating.