THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Melvin Douglas Woods, Appellant.
 
 
 

Appeal From Clarendon County
 Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2007-UP-055
Submitted January 1, 2007  Filed February 8, 2007

 
 
 
 Chief Attorney Joseph L. Savitz III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot, Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Cecil Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Appellant argues the trial judge erred by refusing to issue the jury an additional charge with regard to reasonable doubt as part of a supplemental Allen charge, when reasonable doubt had already been explained to the jury in the initial charge.  We affirm. [1]
FACTS
Appellant Melvin Douglas Woods (Woods) was indicted on a charge of second-degree criminal sexual conduct with a minor, his eleven-year-old step-daughter (Victim).  After mistrials in March and October 2004, the case was called for a third jury trial on February 7, 2005.
The trial court gave a thorough and unchallenged jury instruction that included an explanation of the reasonable doubt standard.  After deliberating, the jury sent a note to the court requesting a copy of the court record, and after further deliberations (amounting to a total of approximately two hours), a second note stating they were unable to reach a verdict.   The court then gave the jury an Allen charge pursuant to Allen v. United States, 164 U.S. 492 (1896).  As part of this charge, the trial court concluded by stating:

 [I]f I can give you any help on the law, that is if you like any further definition of any of the matters of law which I have explained to you, be they reasonable doubt . . . or any legal questions whatsoever, I would be glad to try to clarify the law . . . if that will assist in your decision.   

After the charge had been completed and the jury exited, defense counsel requested that the charge of reasonable doubt be given again to the jury.  The trial judge refused, stating he believed that would put too much emphasis on the reasonable doubt . . . I told them if they wanted any more instruction on any issue of law, Ill give it to them, but they havent requested that, so Im going to respectfully decline to do that.  
The jury returned a verdict of guilty, and the trial court sentenced defendant.  This appeal follows.  
STANDARD OF REVIEW
A trial court is required to charge the current and correct law.  Stokes v. Spartanburg Regl Med. Ctr.,  368 S.C. 515, 520, 629 S.E.2d 675, 678 (Ct. App. 2006).   Where a request to charge is timely made and involves a controlling legal principle, a refusal by the trial judge to charge the request constitutes reversible error.  Koutsogiannis v. BB&T,  365 S.C. 145, 149, 616 S.E.2d 425, 427-28 (2005). To warrant reversal, the refusal to give a requested charge must have been erroneous and prejudicial.  Id.  
LAW/ANALYSIS
We find the case of Orton v. United States, 221 F.2d 632 (4th Cir. 1955) instructive.  In Orton, the defendants were convicted after an initial charge that explained reasonable doubt and a subsequent, supplemental Allen charge that did not include any further explication of reasonable doubt.  Defendants appealed, arguing in part that the supplemental charge was in error because it did not include a repetition of the initial charge on presumption of innocence and reasonable doubt.   The circuit court of appeals affirmed the district court:

 [W]e think [the trial court] could very well assume that the jury had in mind instructions which he had given only an hour and a half before.  Jurors should be given credit for having ordinary intelligence; and if there is one doctrine of the criminal law which they probably understand better than any other it is the presumption of innocence and the burden resting upon the prosecution to establish guilt beyond a reasonable doubt.  Nothing said in the supplemental charge had any tendency to becloud this doctrine and there was no reason to repeat what had been said plainly with regard thereto.

Orton at 635-36.
The same is true here.  The supplemental charge here was given approximately two hours after the initial charge.   The original charge included an explanation of reasonable doubt.  The supplemental charge included a statement that the judge would be happy to offer the jury any further definition of any of the matters of law which I have explained to you, be they reasonable doubt  . . . or any legal questions whatsoever, I would be glad to try to clarify the law [for] you[.]  Nothing said in the supplemental charge had any tendency to confuse the jurors with respect to the law of reasonable doubt.  We find no error, and the judgment of the trial court is 
AFFIRMED.
HEARN, C.J, and KITTREDGE and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.