THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 

 
 
 
 BB&T Bankcard Corporation, Plaintiff,
 v.
 B.E. Kerns & D.A. Kerns, Respondents.
 
 BB&T of South Carolina, Plaintiff,
 
 
 

v.

 
 
 
 Rachel Lamont, Defendant.
 
 BB&T of South Carolina f/k/a United Carolina Bank, Plaintiff,
 
 
 

v.

 
 
 
 Milton Baldwin, Respondent.
 
 In the Matter of J. William Ray Appellant.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2007-UP-128
Submitted March 1, 2007  Filed March 23, 2007

AFFIRMED

 
 
 
 John William Ray, of Greenville, for Appellant.
 B.E. Kerns, of Taylors, D.A. Kerns, of Greer and Milton Baldwin, of Greenville, all pro se for Respondents.
 
 
 

PER CURIAM:  Attorney John William Ray appeals the circuit courts imposition of Rule 11, SCRCP, sanctions against him and his client, BB&T of South Carolina.  We affirm.[1]
FACTS
This case requires a rather lengthy discussion of the facts in order to provide the backdrop for the imposition of sanctions against Ray and his client, BB&T.  Ray has exclusively practiced in the areas of collection and bankruptcy work since 1990, and he has represented BB&T in these actions since 1994.  While representing BB&T, Ray developed the practice of attaching verified statements of account (VSA) to his proposed default orders, which he had signed himself.  Beginning in early 2000, issues arose relating to Rays practice of signing the VSAs.  At that time, the chief administrative judge of the thirteenth circuit instructed all the circuits judges to deny Rays default judgment requests if Ray personally signed the VSAs.  After denying the second of Rays signed VSAs, the circuit court also imposed prospective sanctions against Ray under Rule 11, SCRCP, in the event he filed another self-signed VSA.  On appeal, this court affirmed, finding the issues unpreserved.  The supreme court reversed, finding the issue preserved and holding Ray as agent of BB&T and custodian of the files, could sign the VSAs himself.  The supreme court also removed the proactive sanctions against Ray because the sanctions were imposed based upon a misapplication of the law by the circuit court.[2]
Evidently, the tension between Ray and the judges of the thirteenth circuit continued as further disagreements arose regarding Rays handling of default actions on behalf of BB&T.  In early 2005, the circuit court began a dialogue with Ray concerning his current practice of submitting proposed default judgment orders.  In these proposed orders, Ray requested an award of attorneys fees but failed to provide his legal basisthe contractual or statutory authoritythat entitled him to such an award.  In April 2005, Ray filed a proposed order (first Kerns order)[3] requesting attorneys fees.  The circuit court denied the proposed order, finding Ray failed to provide in the proposed order any contractual or statutory authority authorizing an award of attorneys fees.  Immediately after denying the Kerns order, the circuit court sent Ray a letter, explaining that:

 [F]or the Court to award attorneys fees, there must be a provision regarding entitlement in the contract.  You have ignored the requirement and persisted to submit inappropriate proposed orders.  If you continue to submit proposed orders of default awarding attorneys fees without sufficient proof of entitlement, sanctions will be imposed.

Ray responded in a letter in which he admitted the contract submitted with the Kerns complaint did not contain an attorneys fees provision.  Ray explained, however, that attorneys fees provisions are so common in this type of case that the circuit court could take judicial notice that he was entitled to fees.  Ray relied on Rule 8(d), SCRCP, to support this position, asserting that when a defendant is in default all allegations are deemed admitted, and with deemed admission, submission of further evidence of fees would be cumulative to those admissions and simply not needed.  Lastly, Ray stated that fees are redundantly addressed by statute, and therefore, he was entitled to them; however, the letter did not reference any statutory authority for the fees.
In reply to Rays letter, all five judges of the thirteenth circuit signed a letter to Ray, once again explaining the requirements for obtaining default judgments.  The letter read:

 It is the position of the Court of the Thirteenth Judicial Circuit that you produce the specific contractual provision that entitles you to attorneys fees in all debt collection actions in which you seek attorneys fees. Absent existence of such documentation . . . you must submit specific statutory authority proving your entitlement.  It is black letter law in South Carolina that attorneys fees in a contract action are not recoverable absent a contractual provision or specific statutory authority.  Your signature on both the complaint and the default motion papers acts as certification of the veracity of the allegations.  Continuing to file documents seeking attorneys fees without the proper authority or proof to receive them is improper and interferes with the orderly administration of the Court.  If you continue in this misleading practice, the Court will take appropriate action.

Shortly after receipt of this letter, Ray filed a notice of appeal of the denial of his proposed Kerns order.  However, that same day, and without notice to the circuit court, Ray filed a second Kerns order.  This second Kerns order was identical to the first Kerns order in every aspect except it did not contain an award of attorneys fees.  The circuit court, unaware the first Kerns order was under appeal, signed the second Kerns order.[4]  
In June of 2005, the circuit court sent Ray a third letter directing him to refrain from submitting two different orders in a caseone with a request for attorneys fees but no contractual or statutory authority, and one without a request for fees.  In late August and early September, Ray submitted two proposed default judgment orders in the cases of BB&T v. Milton Baldwin and BB&T v. Rachel Lamont, neither of which contained a request for attorneys fees (Baldwin and Lamont orders).  The circuit court signed and filed both orders.  
Simultaneous to the filing of the Lamont order, the circuit court sent a fourth letter to Ray requesting him to remove attorneys fees language from the proposed orders he had sent to the court where in fact he had not made a request for attorneys fees.  Thereafter, in late September, Ray filed a third proposed Kerns default order to the circuit court, in which he again requested attorneys fees, notwithstanding the previously signed and filed second Kerns order.  That same day, Ray also filed successive orders in the Baldwin and Lamont cases, in which he requested attorneys fees, again notwithstanding the previously signed and filed default orders in both those matters.  
In October, the circuit court sent Ray a letter and rule to show cause asking him to explain, among other things, his submission of the successive orders in Kerns, Baldwin, and Lamont, and to set a hearing for sanctions under Rule 11, SCRCP.  After the hearing, at which Ray was present, the circuit court found Ray lacked good faith reasons to file the successive proposed orders, and that Ray interfered with the orderly administration of the court.  Therefore, the circuit court imposed Rule11 sanctions against Ray in the amount of $2,422, and against BB&T in the amount of $1,000.  Ray filed a Rule 59(e) motion, which the court denied.  This appeal followed.
STANDARD OF REVIEW
A trial judges ruling on Rule 11, SCRCP, sanctions will not be disturbed absent a clear abuse of discretion.  Russell v. Wachovia Bank, N.A., 370 S.C. 5, 19, 633 S.E.2d 722, 729 (2006); Culbertson v. Clemens, 322 S.C. 20, 24, 471 S.E.2d 163, 165 (1996).  An abuse of discretion may be found where the trial judges conclusion had no reasonable factual support, resulted in prejudice to the rights of appellant, and therefore amounted to an error of law.  Id.    
LAW/ANALYSIS
I.
Ray first argues the circuit court improperly sanctioned him under Rule 11, SCRCP, because his actions did not warrant sanctions.  Also, throughout his brief to this court, Ray argues the circuit court improperly raised the sanctions issue sua sponte.  We disagree.
Rule 11, SCRCP, reads in pertinent part:

 The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay . . . If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorneys fee.

(emphasis added).  Rule 11, SCRCP, explicitly provides the circuit court with authority to impose appropriate sanctions for violations of the rule upon its own initiative.  Therefore, Rays contention is without merit.
Turning to the sanction itself, the circuit court repeatedly cautioned and admonished Ray to include any contractual or statutory authority to support his request for fees in the proposed default orders.  Ray refused to do so.  Instead, Ray adopted the practice of submitting two proposed default orders to the circuit court for approval.  Under this practice, one proposed default order would not contain a request for attorneys fees, and as a result, it would be signed by the circuit court.  Thereafter, Ray would submit another proposed default order in the same matter to the circuit court, but this time he would request feesbut fail to attach or include the contractual or statutory authority for his requesteven though the circuit court had already signed and filed an order in the matter.[5]  Moreover, Ray continued in this practice even after explicit instructions from the circuit court directing him to discontinue doing so.  
As a result of this conduct, the circuit court chose, in its broad discretion, to sanction Ray under Rule 11, SCRCP, for his submission of successive proposed default orders in Kerns, Baldwin, and Lamont because he had no good faith grounds or reasons to support them, and that Rays actions continue to interfere with the orderly administration of the court.  There is sufficient evidence in the record to support these factual findings.  Therefore, the circuit court did not abuse its discretion in finding Rays conduct warranted sanctions under Rule 11, SCRCP.
II.
Ray next argues service and notice of the rule to show cause were defective, that he was denied due process and equal protection, and that the circuit court lacked personal jurisdiction.  We disagree.
Initially, we note Rays argument regarding due process and equal protection are not preserved for appellate review because he did not raise the issue until his Rule 59(e), SCRCP, motion.  See Patterson v. Reid, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) (A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial.).   
Additionally, Rays appearance before the circuit court negates his arguments regarding service and jurisdiction.  See Rule 4(d), SCRCP; South Carolina Dept. of Social Services, on behalf of Roseboro v. Burris, 297 S.C. 537, 539, 377 S.E.2d 578, 579-80 (1989) (holding a voluntary appearance equivalent to proper service, which vests the court with jurisdiction).  Accordingly, we find Rays arguments without merit. 
III.
Rays remaining issues can be summarized as follows: (1) the sanctions are void because of the circuit courts intemperance and prejudice against him personally; (2) the circuit court misapplied the law; (3) the circuit court disregarded the record in making its own findings of fact; (4) the sanctions are arbitrary; and (5) Ray had a good faith basis to file the successive motions.  We disagree.
On appeal there is a presumption in favor of the correctness of a decree, and the burden of showing error by the circuit court is on the appellant.  Snyders Auto World, Inc. v. George Coleman Motor Co., Inc., 315 S.C. 183, 186, 434 S.E.2d 310, 312 (Ct. App. 1993); Cook v. Eller, 298 S.C. 395, 398, 380 S.E.2d 853, 855 (Ct. App. 1989).
As we have held, the circuit court was within its discretion in sanctioning Ray for his practice of filing multiple proposed default orders, despite numerous admonitions not to do so.  Rays arguments fail to carry his burden of establishing reversible error.  Moreover, the record does not support the arguments Ray advances to this court.        
CONCLUSION
Based on the foregoing, the circuit courts decision to impose sanctions against Ray and BB&T is hereby
AFFIRMED.
HEARN, C.J., and GOOLSBY and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  The above facts are taken from BB&T of South Carolina v. Fleming, 360 S.C. 341, 601 S.E.2d 540 (2004). 
[3]  The order was submitted in an action captioned BB&T Bankcard Corporation v. B.E. Kerns & D.A. Kerns.
[4]  Ray claims he did not submit the second Kerns order while his appeal from the first Kerns order was pending.  However, the record does not support his contention.  For example, after receiving the second Kerns order that was signed by the court, Ray sent a letter to this court asking for an extension.  This court received his extension request the day after the circuit court mailed the second Kerns order, indicating Ray had in fact filed his appeal of the first Kerns order after he submitted the second Kerns order.  Additionally, correspondence between Ray and this court indicates Ray continued to pursue his appeal of the first Kerns order even after receipt of the signed second Kerns order.  Over two months elapsed before Ray withdrew his appeal of the first Kerns order.  
[5]  At the hearing, Ray admitted he was aware and familiar with Rules 59 and 60, SCRCP; however, he did not use those post judgment relief procedures to seek his award of attorneys fees in Kerns, Baldwin, or Lamont.  Rather, he simply filed successive, nearly identical, orders with the court seeking such relief.