THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ronald C. Harris, Appellant,
 v.
 Kyle Smith d/b/a DYSKY Unlimited Properties and Michael Taylor d/b/a MTP of Columbia, Respondents.
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge
Unpublished Opinion No. 2007-UP-533
Submitted November 1, 2007  Filed November 19, 2007

AFFIRMED

 
 
 
 Ronald C. Harris, of Columbia, for Appellant.
 Harry Clayton DePew and James Emerson Smith, Jr., both of Columbia, for Respondents.
 
 
 

PER CURIAM:  Ronald C. Harris appeals from the trial courts dismissal of his motion to set aside entry of default and appeals the grant of summary judgment against him.  We affirm.[1]  
 
FACTS
Harris filed this action against Kyle Smith, d/b/a Dysky Unlimited Properties (Smith) and Michael Taylor, d/b/a MTP of Columbia (Taylor) alleging fraudulent nondisclosure, civil conspiracy, and unfair trade practices arising from a real estate transaction.  Smith answered and counterclaimed, entering into evidence a promissory note and mortgage.  Harris failed to respond to the counterclaim and nine months after service of the counterclaim, the court entered default on the counterclaim and set a date for a hearing on damages.  Counsel for Harris appeared for the damages hearing.  At the start of the hearing, Harris moved to set aside entry of default.  That same day, Smith filed a motion for summary judgment as to Harris complaint.  The court awarded Smith judgment of $12,924.00 on the counterclaim and set a date to hear the motions. 
 
Neither Harris nor his attorney appeared at the motions hearing.  At the hearing, the court deemed Harris admitted Smiths Request for Admissions as Harris made no response to the discovery requests.  The court then granted Smiths motion for summary judgment and dismissed Harris motion to set aside entry of default for failure to prosecute.  The court denied Harris motion to reconsider.  Harris appeals the order granting summary judgment and dismissing his motion to set aside entry of default.
LAW/ANALYSIS
Harris argues this court should reverse the trial courts order because he was prejudiced by his attorneys negligence and suspension from the practice of law.  We find no reversible error.
In the attorney-client relationship, clients are generally bound by their attorneys acts or omissions during the course of the legal representation that fall within the apparent scope of their attorneys authority.  Koutsogiannis v. BB & T, 365 S.C. 145, 149-150, 616 S.E.2d 425, 428 (2005).  To overcome this general rule that an attorneys neglect is attributable to the client, the client must establish that the attorney willfully and unilaterally abandoned the client.  Stearns Bank Natl Assn v. Glenwood Falls, 373 S.C. 331, 342, 644 S.E.2d 793, 798-799 (Ct. App. 2007).  The hearing on the motions for summary judgment and to set aside entry of default was held on March 8, 2005.  Harris attorney was not suspended from the practice of law until August 3, 2005.  There is nothing in the record indicating Harris attorney willfully and unilaterally abandoned Harris.  See Cassady v. Meares, 266 S.C. 352, 354, 223 S.E.2d 191, 192 (1976) (unexplained inaction of an attorney is attributable to the client and is insufficient grounds for relief from default).
Accordingly, the order on appeal is
AFFIRMED.
ANDERSON, SHORT, and WILLIAMS, JJ. concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.